IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PAUL DAVID SHOEMAKER and MARIA JANET SHOEMAKER,<br><br>       Plaintiffs,<br><br>vs.<br><br>GLEN R. DAWSON, CATHERINE CONKLIN, SYLVESTER DANIELS, ALYSON BROWN, FRED ANDERSON, UTAH STATE BAR, MARK SHURTLEFF, DAWN SHOEMAKER, and JOHN DOES 1-100,<br><br>       Defendants. | **REPORT AND RECOMMENDATION**<br><br><br><br>Case No. 1:11-cv-115-CW-SA<br><br><br><br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Samuel Alba |

This case was referred to United States Magistrate Judge Samuel Alba by United States District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 20.)  Before the court are the following four motions to dismiss: (1) a Motion to Dismiss filed by Defendant Utah State Bar ("USB") (Doc. 5); (2) USB's Motion to Dismiss Amended Complaint (Doc. 12); (3) a Motion to Dismiss filed by Defendant Fred Anderson ("Anderson") (Doc. 10); and (4) a Motion to Dismiss filed by Defendants Glen R. Dawson, Catherine Conklin, Sylvester Daniels, Alyson Brown, and Mark Shurtleff (collectively "the State Defendants") (Doc. 15).  Plaintiffs have not

1

responded to any of these motions to dismiss.  Also before the court is a pleading filed by Plaintiffs entitled "Motion and Application by Special Appearance and Special Deposit for Complaint for Damages for Breach of Fiduciary Duty Re: Glen R. Dawson's Ruling 8 July 2011." (Doc. 2.)

Pursuant to Civil Rule 7-1(f) of this court's Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).  Having carefully considered these motions and all other pleadings in this case, the court recommends that all four motions to dismiss be granted and that Plaintiffs' motion be denied..

## BACKGROUND

It is difficult to understand the background of this case solely from Plaintiffs' pleadings.  With the help of Defendants' pleadings, the court has gleaned that Plaintiff Paul David Shoemaker was petitioner in *Shoemaker v. Shoemaker* ("the State Case"), a domestic action in Utah's Second District Court.  The State Case related to divorce proceedings and child custody decisions pending in the State of Washington's court.  Because proceedings were pending in another state's court, Judge Dawson dismissed the case for lack of jurisdiction.  (Doc. 3, Plaintiffs' Declaration, at 9 (Attachment:  Judge Dawson's Ruling).)  Plaintiff appealed Judge Dawson's dismissal to the Utah Court of Appeals.  The State Defendants have represented to the court that as of September 6, 2011, when the State Defendants filed their motion to dismiss, the State Case was still pending on appeal.  (Doc. 16, at 2.)

Plaintiffs filed their complaint in this case on July 12, 2011, and the case was assigned to United States Magistrate Judge Brooke C. Wells. (Doc. 1.) That same day, Plaintiffs filed a motion, declaration, and "special deposit." (Docs. 2, 3, 4.)

It appears that Plaintiff Paul David Shoemaker and his co-plaintiff mother have brought this federal lawsuit in response to what has happened in the State Case. For example, Plaintiffs allege that "the proceedings of Court of Kitsap County are/were counter to equity . . . ." (Doc. 8, Amended Complaint, at 6.) Plaintiffs ask this court to apply its "special equity jurisdiction" to "impose a constructive trust" and to "adjudicate the trust relationship and enforce ownership rights of equitable or beneficial owners." (*Id.* at 6, 19, 21.) It appears that Plaintiffs seek for this court to enter a new divorce decree, including a determination of property distribution and child custody. (*Id.* at 3, 6, 9-13, 16-21, 30-32; Docs. 8-2 & 8-3.)

On August 4, 2011, USB filed its motion to dismiss. (Doc. 5.) Just over a week later, on August 12, 2011, Plaintiffs filed an amended complaint (Doc. 8), followed by "Attachment 'C'" (Doc. 9), which was filed on August 15, 2011. That same day, Anderson filed his motion to dismiss. (Doc. 10.) Two days later, on August 17, 2011, USB filed its motion to dismiss Plaintiffs' amended complaint. (Doc. 12.) On September 6, 2011, the State Defendants filed their motion to dismiss.

On September 7, 2011, the case was reassigned to United States District Judge Clark Waddoups. (Docs. 18, 19.) On October 18, 2011, Judge Waddoups referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).

To date, Plaintiffs have not responded to any of the motions to dismiss.

**ANALYSIS**

Because Plaintiffs are proceeding pro se, the court will "construe [their] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Of course, a "broad reading of [P]laintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim [can] be based." *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court cannot take on the responsibility of serving as Plaintiffs' counsel; it is not the court's proper function to assume the role of advocate for Plaintiff or any other pro se litigant. *See Hall*, 935 F.2d at 1110. For example, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). With this standard in mind, the court turns to Defendants' motions.

The court examines the following four motions to dismiss: (1) USB's (a) Motion to Dismiss (Doc. 5) and (b) Motion to Dismiss Amended Complaint (Doc. 12); (3) Anderson's Motion to Dismiss (Doc. 10); and (4) the Motion to Dismiss filed by Defendants Glen R. Dawson, Catherine Conklin, Sylvester Daniels, Alyson Brown, and Mark Shurtleff (collectively "the State Defendants") (Doc. 15). The court then examines Plaintiffs' pleading entitled "Motion and Application by Special Appearance and Special Deposit for Complaint for Damages for Breach of Fiduciary Duty Re: Glen R. Dawson's Ruling 8 July 2011." (Doc. 2.)

**I.  LACK OF SUBJECT MATTER JURISDICTION**

As far as the court can tell from Plaintiffs' pleadings, Plaintiffs are challenging Defendant Judge Dawson's final ruling in the state divorce case, which Plaintiff has appealed to the Utah

Court of Appeals.  In light of this case's history and procedural posture, the court concludes it lacks subject matter jurisdiction over this case.

### A. *Rooker-Feldman* Doctrine

First, the court concludes that, because this lawsuit asks the court to revisit state court rulings in a way that would amount to an unconstitutional form of appellate review, the *Rooker-Feldman* doctrine bars this court from exercising subject matter jurisdiction.

*Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 (2005).  "[It] establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted); *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).  "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Nudell*, 363 F.3d at 1075.

Although it is difficult to understand Plaintiffs' pleadings, it appears that their objective is to contest and circumvent Judge Dawson's ruling, which is exactly what the *Rooker-Feldman* doctrine prohibits.  Accordingly, the court recommends that this case be dismissed under the *Rooker-Feldman* doctrine pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).

### B.      *Younger* Abstention Doctrine

Second, the court concludes that insofar as Plaintiffs are asking this court to inject itself into the State Case's ongoing proceedings, the *Younger* abstention doctrine also bars Plaintiffs' lawsuit.  Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action.  *See Younger v. Harris*, 401 U.S. 37 (1971).  In *Younger*, the Supreme Court held that a federal court should not enjoin an ongoing state criminal court proceeding, and the doctrine has been expanded to include administrative and civil actions.  *See Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

"In determining whether *Younger* abstention is appropriate, a court considers whether: (1) there is an ongoing state criminal, civil, or administrative proceeding[;] (2) the state court provides an adequate forum to hear the claims raised in the federal complaint[;] and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."  *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotations and citation omitted).

The current status of this case is unknown to the court, but if the state case is still ongoing, then the first element of the *Younger* test is met.  As to the second and third elements, Utah's state court hears many divorce and child custody cases on a regular basis.  Such proceedings look to state law for their resolution and involve important state interests.  *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (stating that in adoption proceedings "[f]amily relations

6

are a traditional area of state concern"); *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) (stating that the "state . . . obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interest of the child and the family relationship"). As such, to the extent the state case of *Shoemaker v. Shoemaker* is still ongoing at the state court appellate level or otherwise, the court recommends this case be dismissed pursuant to the *Younger* abstention doctrine.

## II.     FAILURE TO RESPOND

Second, the court addresses Plaintiffs' failure to respond to any of the motions to dismiss. Pursuant to this court's own Rules of Practice, the court has the option of granting all four motions to dismiss simply on the basis of Plaintiffs' failure to timely respond - or in this case, respond at all - to any of these dispositive motions. *See* DUCivR 7-1(d).

## III.    MOTIONS TO DISMISS

The court next examines the merits of each of the motions to dismiss.

### A.     Defendant Utah State Bar

First, both in its Motion to Dismiss and its Motion to Dismiss Amended Complaint, USB argues Plaintiffs have failed to allege any specific claims against it to which a response can be given. USB argues that as a result, it should be dismissed from this action. The court agrees.

USB is listed only in the caption and "Parties" section of Plaintiffs' initial complaint. (Doc. 1.) It is listed only in the caption of Plaintiffs' Motion and Application by Special Appearance (Doc. 2), Plaintiffs' supporting declaration (Doc. 3), and Plaintiffs' amended complaint. It is notable that, after USB filed its motion to dismiss, which identified Plaintiffs' failure to allege specific facts and claims against USB, Plaintiffs then filed an amended

complaint that does not cure that defect; instead, the "Parties" section found in the original complaint does not exist in the amended complaint, so USB is mentioned only in the caption - and nowhere in the body - of the amended complaint.

Having failed to even mention USB in the body of their amended complaint, and thus having failed to set forth any factual matter to state a plausible legal claim against USB, Plaintiffs have failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Consequently, the court recommends that USB's motions to dismiss be granted.

### B. Defendant Fred W. Anderson

Second, Anderson argues that he should be dismissed from this action because (1) service of process was not perfected pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 12(b)(5), and (2) Plaintiffs have failed to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6).  Anderson argues he never had a fiduciary duty to Plaintiffs and that Anderson's only contact with Plaintiffs was from representing the opposing party (purportedly Mr. Shoemaker's ex-wife) in the state divorce proceeding.[1]

The court agrees with Anderson that Plaintiffs have failed to state a claim upon which relief can be granted as to him.  The court has carefully reviewed Plaintiffs' amended complaint, as well as all other pleadings filed in this case.  Plaintiffs have not recited any specific factual allegations or legal claims as to Anderson, leaving the court and Anderson unable to determine what claims have been brought against him.  Like USB, Anderson is not mentioned by name

---

[1] The court assumes that Anderson argues he never had a fiduciary duty to Plaintiffs because Plaintiffs' pleadings occasionally wax poetic regarding fiduciary duties; however, Plaintiffs' pleadings fail to allege any discernible specific facts or claims as to Anderson, including any regarding a fiduciary duty.

anywhere in the amended complaint other than in the case's caption. Therefore, for the same reasons the court recommended that USB's motions to dismiss be granted, the court recommends that Anderson's motion to dismiss be granted, as well. *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570.

### C.     The State Defendants

Third, the State Defendants argue they should be dismissed from this action (1) pursuant to Rule 12(b)(6) because Plaintiffs' pleadings fail to recite any factual allegations upon which any specific, plausible claim is made regarding them; and (2) because they are entitled to immunity.  The court agrees with both arguments.

#### 1.     Defendant Attorney General Shurtleff

First, the court examines whether Defendant Attorney General Shurtleff should be dismissed from this action.  Like USB and Anderson, Defendant Shurtleff is named only in Plaintiffs' pleadings' captions; he is not mentioned anywhere else in those documents.  Plaintiffs have not recited any specific factual allegations or legal claims against him; therefore, for the same reasons given above for recommending dismissal of USB and Anderson, the court recommends that Defendant Shurtleff's motion to dismiss be granted.  *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570.

#### 2.     Utah Court Defendants

The other State Defendants (collectively "Utah Court Defendants") all work in the State of Utah's court system.  The amended complaint and attached exhibits refer to Plaintiffs' divorce proceedings pending in the State of Washington, but they do not mention or name (other than in the case's caption) any of the Utah Court Defendants.  (*See* Docs. 8, 9.)

Similarly, Plaintiffs' original pleadings filed in this case (Docs. 1, 2, 3) also fail to allege specific claims as to any of the Utah Court Defendants.  Their pleadings fail to even mention any of the Utah Court Defendants by name except for Judge Dawson.  Regarding Judge Dawson, Plaintiff's original complaint asks the following two rhetorical questions: (1) "Did Glen R. Dawson, conducting a Special Court of Equity[,] Breach his Fiduciary Duty to :paul-david: and :maria-janet: as Donor-Grantor-Beneficiary by Special Appearance under Special Deposit[?]" (Doc. 1, at 1, 3), and (2) "Did Defendants and Glen R. Dawson, maliciously and with evil intent[,] violate Utah HB 401[?]" (*id.* at 3) .  Plaintiffs' Motion by Special Appearance and supporting Declaration assert that Judge Dawson's July 8, 2000 ruling dismissing the State Case for lack of jurisdiction was "counter to equity and that the Ruling irreparably damaged by trespass Affiant[s'] Unalienable right to Equitable Title to property and interest on a Private Trust now Established by Special Deposit and because Courts of Special Equity have exclusive jurisdiction over Private Trusts by Special Deposit."  (Doc. 2, at 3 ¶ 8; *see also* Doc. 3, at 3 ¶ 8.)

Plaintiffs' amended complaint makes references to various legal concepts and factual allegations, including factual allegations surrounding the divorce decree, marital property division, and child custody/visitation; however, it does not explain why the State Court Defendants are named in this case, or under what legal theory they might be accountable to Plaintiffs.  As such, Plaintiffs' pleadings fail to put the Utah Court Defendants on notice of whatever claims have been brought against them to allow them to appropriately respond.  *See* Fed. R. Civ. P. 8.  They also fail to recite any factual allegations upon which any specific, plausible claim regarding them is made.  *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at

570. Consequently, the court recommends that the Utah Court Defendants also be dismissed from this action pursuant to Rule 12(b)(6).

In addition, even were the court to conclude - which it does not - that Plaintiffs' pleadings set forth specific, plausible allegations supported adequately by factual assertions against the Utah Court Defendants, it would recommend that Plaintiffs' action against those defendants be dismissed because it is barred by judicial immunity.

### a.    *Absolute Immunity*

First, absolute immunity bars this action against the Utah Court Defendants. Absolute immunity shields judges from lawsuits that seek money damages based on the judges' judicial action. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Forrester v. White*, 484 U.S. 219, 225-26 (1988). "'[J]udicial immunity is not overcome by allegations of bad faith or malice.'" *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir. 2006) (citing *Mireles*, 502 U.S. at 11).[2]

In the instant case, Plaintiffs appear to be complaining about the actions Defendant Judge Dawson and Defendant Commissioner Conklin took in their roles as judges in *Shoemaker v. Shoemaker*, and about the dismissal of that case based on Commissioner Conklin's recommendation. Because the challenged actions were taken while they were acting in their roles as judges, Defendants Dawson and Conklin are entitled to absolute judicial immunity from this lawsuit.

---

[2]Because the court is unclear as to which claims Plaintiffs are trying to bring in this action, the court is also unclear regarding the basis of those claims; however, it is likely that at least some of them are brought pursuant to 42 U.S.C. § 1983. If that is the case, it is important to note that the Tenth Circuit has specifically held that judicial immunity bars suits that are brought under 42 U.S.C. § 1983. *See Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1189-90 (10th Cir. 2008).

Defendant Court Executive Sylvester Daniels and Defendant Court Clerk Alyson Brown also are entitled to immunity. When court administrators are sued for their role in furthering judicial action, they are entitled to immunity from suit. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (explaining courts extend judicial immunity to non-judicial figures when "their judgments are functionally comparable to those of judges - that is, because they, too, exercise discretionary judgment as part of their function" (alterations and quotations omitted)). Court clerks are entitled to quasi-judicial immunity when they are carrying out court orders because their conduct is intrinsically associated with a judicial proceeding. *See Coleman v. Farnsworth*, 90 Fed. Appx. 313, 317, 2004 WL 339590, **4 (10th Cir. 2004). Because Plaintiffs do not complain about actions these two defendants took outside their roles as a court administrator and court clerk, it appears Plaintiffs are suing them over actions they took in those roles. Accordingly, Defendants Daniels and Brown are entitled to quasi-judicial immunity.

### b.   *Qualified Immunity*

In addition to absolute immunity, qualified immunity shields the Utah Court Defendants from Plaintiff's action. Qualified immunity protects government workers from "the burden of discovery and trial, as well as liability," *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1996); therefore, qualified immunity questions "should be resolved at the earliest possible stage of [] litigation," *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

Qualified immunity is a rebuttable presumption. *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001). Once qualified immunity is raised as a defense, the burden shifts to Plaintiffs to show that Defendants violated a clearly established constitutional or federal right.

*See Roska v. Sneddon*, 437 F.3d 964, 971 (10th Cir. 2006). The Utah Court Defendants have raised it as a defense, but as far as the court can tell, Plaintiffs' complaint and related pleadings do not allege Defendants violated any constitutional or federal right. Further, Plaintiffs have not filed any type of response to the Utah Court Defendants' motion to dismiss. Thus, Plaintiffs have not rebutted the presumption that the Utah Court Defendants are entitled to qualified immunity.

IV.   **PLAINTIFFS' MOTION**

Finally, the court has carefully reviewed Plaintiffs' pleading entitled "Motion and Application by Special Appearance and Special Deposit for Complaint for Damages for Breach of Fiduciary Duty Re: Glen R. Dawson's Ruling 8 July 2011." (Doc. 2.) This pleading also is difficult to understand. It appears to be a document supporting Plaintiff's initial complaint that seeks to have the court declare itself a "Court of Special Equity by Special Deposit." (*Id.* at 2.) The court finds no supporting legitimate legal basis for this motion in Plaintiffs' pleadings or elsewhere; therefore, the court recommends that this motion be denied.

## RECOMMENDATION

Based on the foregoing analysis, **IT IS RECOMMENDED** that the court **DISMISS** this entire case for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine, inasmuch as the State Case still is ongoing.

In the alternative, **IT IS RECOMMENDED** that the following four motions be **GRANTED** : (1) Defendant Utah State Bar's Motion to Dismiss (Doc. 5) and (2) Motion to Dismiss Amended Complaint (Doc. 12), (3) Defendant Fred Anderson's Motion to Dismiss

(Doc. 10), and (4) the Motion to Dismiss filed by Defendants Glen R. Dawson, Catherine Conklin, Sylvester Daniels, Alyson Brown, and Mark Shurtleff (Doc. 15).[3]

In the alternative to both of those recommendations, **IT IS RECOMMENDED** that the court **GRANT** the four motions to dismiss because Plaintiff has not responded to them.  *See* DUCivR 7-1(d).

**IT IS FURTHER RECOMMENDED** that Plaintiffs' pleading entitled "Motion and Application by Special Appearance and Special Deposit for Complaint for Damages for Breach of Fiduciary Duty Re: Glen R. Dawson's Ruling 8 July 2011" (Doc. 2) be **DENIED**.

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it.  Failure to file objections to both factual and legal findings may constitute a waiver of those objections on subsequent appellate review.

DATED this 20th day of March, 2012.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge

---

[3] The court notes that Defendant Dawn Shoemaker has not yet entered an appearance in this case.